**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quantum Information Specialists; Leonard J. Pearlstein; James L. McNully; and Gilbert F. R. Rau,<br><br>Plaintiffs,<br><br>vs.<br><br>United States Government; Executive Branch; and Department of Defense,<br><br>Defendants. | No. CV-11-677-PHX-DGC<br><br>**ORDER** |

The United States, on behalf of all federal Defendants, has filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Doc. 11. The motion is fully briefed. Docs. 13, 15. Oral argument has not been requested. For reasons stated below, this action will be dismissed without prejudice.

As an initial matter, the amended complaint is signed only by Plaintiff Leonard Pearlstein. Doc. 4. Because Pearlstein is not a licensed attorney, he may not represent the other Plaintiffs in this action. Plaintiffs James McNully and Gilbert Rau may represent themselves by proceeding pro se, but Quantum Information Specialists may appear in this action only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)).

Federal courts are courts of limited jurisdiction, possessing "only that power

authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377. To overcome that presumption at the pleading stage, the plaintiff must provide a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Plaintiffs have not met their burden. The amended complaint cites the National Security Act, as amended, U.S.C. § 401 et seq., but explicitly states that "QIS will defer to the Court as to the Court's jurisdiction involving national security[.]" Doc. 4 at 2. The Court concludes that the amended complaint fails to adequately assert the existence of federal jurisdiction. Defendants' motion to dismiss will be granted in this regard. The motion will be denied as moot with respect to the argument that the amended complaint fails to state a claim to relief.

The Court should freely give leave to amend a pleading when justice so requires Fed. R. Civ. P. 15. In this Circuit, a pro se litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

The Court, in the interest of justice, will dismiss the amended complaint without prejudice and grant leave to file a second amended complaint. Plaintiffs shall have until **July 22, 2011** to file a second amended complaint. As explained above, Quantum Information Specialists may appear in this action only through licensed counsel. The individual Plaintiffs may appear pro se, but the second amended complaint must be signed by each individual Plaintiff.

For purposes of the second amended complaint, Plaintiffs are directed to Rule 8 of

the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order, and each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim for relief must be set forth in separate numbered counts (i.e., count one, count two, etc.).

Plaintiffs are advised that the second amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiffs are further advised that they must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/

Orders/Rules"). If Plaintiffs fail to prosecute this action, or fail to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Finally, Plaintiffs are advised that Defendants' default has not been entered (*see* Docs. 14, 16) given that they have appeared in this action through counsel and have timely responded to the complaint by filing a motion to dismiss.

**IT IS ORDERED:**

1. The motion to dismiss (Doc. 11) is **granted in part** and **denied in part** as set forth in this order.

2. The amended complaint (Doc. 4) is **dismissed** without prejudice for lack of subject matter jurisdiction.

3. Plaintiffs shall have until **July 22, 2011** to file, consistent with this order, a second amended complaint. The Clerk is directed to **terminate** this action without further order of the Court if Plaintiffs fail to meet this deadline.

Dated this 12th day of July, 2011.

David G. Campbell
United States District Judge