**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quantum Information Specialists; Leonard J. Pearlstein; James L. McNully; and Gilbert F. R. Rau,<br><br>Plaintiffs,<br><br>vs.<br><br>United States Department of Defense,<br><br>Defendant. | No. CV11-0677-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion to dismiss the second amended complaint on the grounds that this Court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(1), (6). The motion is fully briefed. Docs. 23, 25, 26. Oral argument has not been requested. For the reasons below, the motion is granted in part and denied in part.

As stated in the Court's July 12, 2011 order, Plaintiffs Leonard J. Pearlstein, James L. McNully, and Gilbert F. R. Rau may represent themselves by proceeding pro se, but Quantum Information Specialists may appear in this action only through licensed counsel. Doc. 17; *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993). Plaintiffs have not obtained licensed counsel.

Nor have Plaintiffs met their burden of proving all jurisdictional facts. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiffs are required to overcome the presumption by

providing a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). In order to proceed in federal court, Plaintiffs must demonstrate some right of action and legal entitlement to the damages they seek. *Moore v. Maricopa Cnty. Sheriff's Office*, ---F.3d ----, 2011 WL 4069030, at *3 (9th Cir. Sept. 13, 2011). Here, Plaintiffs' statement that they will "defer to the Court as to the Court's [j]urisdiction involving national security" and accompanying explanations are inadequate. Doc. 19. *See Moore*, 2011 WL 4069030, at *4. (declining to infer allegations supporting federal jurisdiction because jurisdiction must always be affirmatively alleged).

Defendant's motion to dismiss will be granted based on the insufficiency of Plaintiffs' jurisdictional statement in their second amended complaint. In light of this ruling, the Court need not address the argument that the second amended complaint fails to state a claim for relief.

Plaintiffs are directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires complaints to contain a short and plain statement of the grounds on which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief the pleader seeks. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order, and each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiffs are further advised that the third amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plaintiffs are obligated to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). If Plaintiffs' complaint does not permit the Court to infer more than "the mere possibility of misconduct, the complaint . . . has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

If Plaintiffs fail to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The Court will afford Plaintiffs one final opportunity to amend their complaint. Quantum shall not be a party to any additional complaint in this Court unless it is represented by a licensed attorney.

**IT IS ORDERED:**

1. The motion to dismiss (Doc. 23) is **granted in part** and **denied in part** as set forth above.

2. The second amended complaint (Doc. 19) is **dismissed** without prejudice for lack of subject matter jurisdiction.

3. Quantum **shall not** file an amended complaint without representation by a licensed attorney.

4. Plaintiffs shall have **one** additional opportunity to file an amended complaint **on or before October 31, 2011**.

Dated this 4th day of October, 2011.

_____
David G. Campbell
United States District Judge