1   **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Leonard J. Pearlstein; James L. McNully;          No. CV11-0677-PHX-DGC
    and Gilbert F. R. Rau,
10                                                     **ORDER**
                        Plaintiffs,
11
    v.
12
    United States Department of Defense,
13
                        Defendant.
14

15          Defendant has filed a motion to dismiss the third amended complaint on the

16  grounds that this Court lacks subject matter jurisdiction and Plaintiffs have failed to state

17  a claim for which relief may be granted.  Doc. 33.  The motion is fully briefed.  Docs. 35,

18  46.  No party has requested oral argument.  For the reasons stated below, Defendant's

19  motion is granted.[1]

20  **I.    Background.**

21          The following facts are alleged in the third amended complaint.  Sometime in

22  1998, Plaintiffs sent a proposal letter to NASA disclosing an electrostatic cannon.

23  Doc. 30 at 3.  Several months later, NASA sent a letter to Plaintiffs indicating that it

24  knew nothing of electromagnetic rail guns.  *Id.*  On February 23, 1999, Plaintiffs

25  presented an electrostatic cannon and a remote detonation of nuclear material device to

26  _____

27          [1] Plaintiffs have attempted to file, under seal, a reply to Defendant's reply.  *See*
    Docs. 47, 48.  Such replies are not permitted under the Federal Rules of Civil Procedure
28  or the Court's Local Rules.  The Court will grant the motion to seal, but will not consider
    the arguments made in the improper surreply.

the Air Force Space Command.  *Id.*   Sometime after this, Plaintiffs showed Ben Jefferson, military advisor to Congressman J.D. Hayworth, their electrostatic cannon.  *Id.* Thereafter, Tim Glazewski, Chief of Staff to Senator Jon Kyl, inquired into the results of Plaintiffs electrostatic cannon.  *Id.*  Tim then told Ben, who later told Plaintiffs, that Ben should forget about Plaintiffs' electrostatic cannon.  *Id.*  Ben also told Plaintiffs that Congressman Curt Weldon came to Arizona to tell Congressman Hayworth that Plaintiffs were to be "iced out and forgotten."  *Id.*  Plaintiffs claim that their electrostatic cannon technology was then stolen.  *Id.*

On August 22, 2006, Plaintiffs asked a United States Attorney to look into the matter and the FBI was tasked to do so.  Doc. 30 at 4.  Plaintiffs also went to General Bath who, through his staff, talked to directors of the four Air Force Research Laboratories (AFRL).  *Id.*  Plaintiffs were told to make a FOIA request.  *Id.*  On October 16, 2006, Plaintiffs sent a letter to Senator Kyl, who sent Plaintiffs' letter to Colonel Fleck.  *Id.*  On February 1, 2007, Plaintiffs sent Colonel Fleck "everything on the AFRL work."  *Id.*  On April 25, 2007, Colonel Fleck reported that there was no one to talk to and no reports or equipment.  *Id.*  During this time, Plaintiffs contacted the FBI several times and were told their case was an "active investigation."  *Id.*  On July 16, 2007, the FBI sent Plaintiffs a letter saying the investigation was closed.  *Id.*

On May 21, 2009, Plaintiffs asked Congressman Ed Pastor to investigate.  *Id.* Sometime later, Plaintiff Gilbert Rau met with Congressman Trent Franks after a public meeting and asked him if he had heard of "the technology."  *Id.*  Congressman Franks told Mr. Rau that he was briefed on the technology.  *Id.*  Plaintiffs believe that their technology was plagiarized and stolen during the meeting where Congressman Franks was briefed.  *Id.*

Plaintiffs then went to National Security Advisors office where the NSA agreed to adjudication and compensation, and Plaintiffs were asked to send in a summary paper. *Id.*  On March 11, 2010, Plaintiffs sent a summary paper, but did not hear back.  *Id.*

1  **II.    Analysis.**

2      The party asserting jurisdiction has the burden of proving all jurisdictional facts.

3  *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt*

4  *v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see In re Ford Motor*

5  *Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001); *Fenton v. Freedman*, 748 F.2d 1358,

6  1359, n.1 (9th Cir. 1994).  Courts must presume a lack of jurisdiction until the plaintiff

7  proves otherwise.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

8      The United States is a sovereign, and as such is immune from suit unless it has

9  expressly waived such immunity.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983);

10  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  A waiver of the government's

11  sovereign immunity cannot be implied; it must be expressed unequivocally.  *United*

12  *States v. King*, 395 U.S. 1, 4 (1969).   Once a court determines that it lacks jurisdiction,

13  the asserted action must be dismissed.  *Gilbert*, 445 U.S. at 538.  Plaintiffs have not

14  established or even alleged that the government has waived its sovereign immunity.

15      Even if Plaintiffs obtained an express waiver to sue the government, this Court

16  does not have subject matter jurisdiction to hear Plaintiffs' claims.[2]  Plaintiffs' complaint

17  may be distilled into six possible causes of action: (1) patent infringement; (2) copyright

18  infringement; (3) breach of express or implied-in-fact contract to protect proprietary

19  information or trade secrets; (4) Fourth Amendment search and seizure; (5) Fifth

20  Amendment taking; and (6) Eleventh Amendment sovereign immunity.

21      **A.    Patent Infringement.[3]**

22      Plaintiffs allege that Defendant stole their intellectual property and infringed their

23  patents.  Doc. 30 at 3.  Patent infringement claims against the federal government,

24

25  [2] 28 U.S.C. § 1498(b) can serve as a waiver of sovereign immunity with respect to
copyright infringement claims brought against the United States, but only to the extent

26  such claims are brought in the United States Court of Federal Claims.  *O'Rourke v. Smithsonian Inst. Press*, 399 F.3d 113, 122-123 (2d Cir. 2005).

27  [3] Plaintiffs have not provided a specific patent that they allege the government has
infringed.  Rather they have attached to their third amended complaint a patent

28  application that was subsequently denied.

however, must be heard in the Court of Federal Claims.  28 U.S.C. § 1498(a) ("Whenever an invention described in and covered by a patent…is used or manufactured by or for the United States without license of the owner thereof…the owner's remedy shall be by action against the United States in the United States Court of Federal Claims[.]"); *Hornback v. United States*, 601 F.3d 1382, 1386 (Fed. Cir. 2010) (stating that the language of § 1498(a) is mandatory, and the Court of Federal Claims has exclusive jurisdiction to hear such claims).   This Court therefore lacks jurisdiction to hear Plaintiffs' patent infringement claim.

## B.   Copyright Infringement.

Plaintiffs allege that Defendant stole their intellectual property, including patent pending, proprietary data, and copyrighted material.   Doc. 30 at 3.   Copyright infringement claims against the federal government must also be heard in the Court of Federal Claims.   28 U.S.C. § 1498(b); *O'Rourke v. Smithsonian Inst. Press*, 296 Fed. Supp. 2d 434, 436 (S.D.N.Y. 2003), *aff'd*, 399 F.3d 113 (2d Cir. 2005), *cert. denied*, 546 U.S. 814 (2005) (stating "the language [in § 1498(b)] provides for the Court of Federal Claims to have exclusive jurisdiction" over copyright claims against the United States). The Court therefore lacks jurisdiction to hear Plaintiffs' claim for copyright infringement.

## C.   Breach of Express or Implied-in-Fact Contract.

In addition to the patent and copyright claims, Plaintiffs claim that their proposals to the government were restricted by S.B.I.R.[4], 18 U.S.C. § 1905[5], and proprietary data.

---

[4] It appears that S.B.I.R. is the Small Business Innovation Research government program, codified as 15 U.S.C. § 638.   Under this program, a portion of a federal agency's research and development budget is reserved for awards to small businesses.  15 U.S.C. § 638(e)(4).

[5] This is a criminal statute and does not confer a private cause of action.  *See Chevron Chemical Co. v. Costle*, 641 F.2d 104, 115 (3d Cir. 1981) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316-17 (1979)).  Alternatively, all tort claims against the United States are exclusively within the province of the Federal Tort Claims Act.  28 U.S.C. § 1346(b).  District courts lack jurisdiction over tort claims that are not initially filed with the appropriate administrative agency.  28 U.S.C. § 2675; *see DSI Corp. v. Secty of Housing & Urban Dev.*, 594 F.2d 177, 180 (9th Cir. 1979).  A claimant must first present the claim to the relevant agency, and the claim must be finally denied before an action can be maintained in the district court. 28 U.S.C. § 2675(a).  Plaintiffs do not allege that

Doc. 30 at 3.  Even assuming that Plaintiffs' allegations might be viewed as express or implied-in-fact contracts with the government, such claims must be brought in the Court of Federal Claims.  The Tucker Act vests the Court of Federal Claims with exclusive jurisdiction for contract claims against the United States.  *See* 28 U.S.C. § 1491(a)(1).  Although the Little Tucker Act provides for concurrent jurisdiction for claims less than $10,000, *see* 28 U.S.C. § 1346(a)(2), Plaintiffs seek damages in excess of $1.4 billion.  Doc. 30 at 6.[6]  Such a contract claim cannot be asserted in this Court.

### D.    Constitutional Claims.

Plaintiffs allege that the theft of their intellectual and patent pending property by the Department of Defense is in direct violation of their Fourth, Fifth, and Eleventh Amendment rights.  Doc. 30 at 3.  The Fourth Amendment protects citizens against unreasonable searches and seizures.  U.S. Const. amend. IV.  Plaintiffs do not allege an unreasonable search and seizure of their persons or property.  Moreover, a federal remedy of damages is not available for violations of the Fourth Amendment where Congress has already provided an "elaborate remedial system."  *Bush v. Lucas*, 462 U.S. 367, 388 (1983); *see Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988).  Because there are elaborate remedial systems already set up for wrongful appropriations of intellectual property, a Fourth Amendment constitutional remedy is not available for Plaintiffs' claims.  *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1327 (Fed. Cir. 1998), overruled in part on other grounds by *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1360-61 (Fed. Cir. 1999) (en banc in part).  Plaintiffs' intellectual property claims (patent and copyright infringement) must be brought, as discussed above, in the Court of Federal Claims.

The Fifth Amendment takings clause provides that private property shall not be

their claims have been adjudicated and denied by any administrative agency.

[6] If Plaintiffs claims are based upon S.B.I.R. rights or technical data rights, such claims cannot be heard by federal district courts.  *See Menndenhall v. Kusicko*, 857 F.2d 1378, 1379 (9th Cir. 1988) (holding that actions subject to the Contract Dispute Act, 41 U.S.C. §§ 601-613, must be heard by the Court of Claims).

taken for public use without just compensation.  U.S. Const. amend. V.  As stated above, whenever a claim is made for infringement of a copyright by the United States, the exclusive remedy lies in the Court of Federal Claims.  28 U.S.C. § 1346(a)(2); 28 U.S.C. § 1498(b).  With regard to any patent infringement claim, the Federal Circuit has held that the claim cannot be evaluated as a Fifth Amendment claim under the Tucker Act. *See Zoltek Corp. v. United States*, 442 F.3d 1345, 1352 (Fed. Cir. 2006).  To the extent Plaintiffs claim the United States misappropriated a trade secret, this Court lacks jurisdiction over any tort claim not initially filed with the appropriate administrative agency.  28 U.S.C. § 2675; *see DSI Corp. v. Secty of Housing & Urban Dev.*, 594 F.2d 177, 180 (9th Cir. 1979).

The Eleventh Amendment immunizes states from suits without their consent.  U.S. Const. amend. XI.  Because Plaintiffs are suing the United States rather than a state, the Eleventh Amendment does not apply.[7]

The Court previously advised Plaintiffs that their third amended complaint would be their final opportunity to plead a claim in this Court.  Doc. 27 at 3.  Because Plaintiffs again have failed to plead a claim cognizable in this Court, leave to amend will not be granted.

**IT IS ORDERED:**

1.      Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 33) is **granted.**

---

[7] Plaintiffs suggest that the Court has already found that it has jurisdiction over this case.  Doc. 35 at 2.  Although the Court previously stated that it would treat Plaintiffs' document titled "Third and Final Response to Motion to Dismiss" (Doc. 30) as the operative complaint in this case, and that it had jurisdiction over that complaint (Doc. 32), the Court was merely noting that Plaintiffs' complaint finally included an alleged basis for federal court jurisdiction, something that had been lacking from previous versions of the complaint (*see* Docs. 17, 27).  The Court was not ruling in advance on the various jurisdictional defects discussed above.

2.      Plaintiffs' motion to seal (Doc. 47) is **granted**.

3.      The Clerk shall terminate this action.

Dated this 9th day of April, 2012.

_____
David G. Campbell
United States District Judge